GUILLERMO ATILES MORÉU, ETC., Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; VALERIANO MATÍAS, ET AL., Injured workmen.

No. 486. Argued July 12, 1954.—Decided August 3, 1954.

*Donald R. Dexter* and *Rafael A. Oliveras Vera* for petitioner.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

Workmen Valeriano Matías, Juan Mojica Goitía, and Juan González Barreto suffered compensable injuries on their respective right hands, which resulted in each case in permanent partial disability. They are left-handed, that is, their able hand is the left hand.

Section 3 of Act No. 45 of 1935, Workmen's Accident Compensation Act (Sess. Laws, p. 250), as amended by Act No. 284 of 1945 (Sess. Laws, p. 1036), and Act No. 115 of 1953 (Sess. Laws, p. 410), provides in part as follows:

"Every workman or employee who suffers an injury or an occupational disease under the conditions specified in this Act, as established in Section 2, shall be entitled: .
"..
"..

"Permanent Partial Disability

"3. Permanent partial disability shall be considered to be the loss of one foot or leg, one hand, one arm, one eye, one or more fingers or toes, and any ankylosis, fracture, or dislocation when ligaments have been torn and where restoration is not complete. For permanent partial disabilities specified below, the injured workman or employees shall receive additional compensation consisting of fifty (50) per cent of the wages which were received or, but for such accident, would have been received by him on the day of the accident, for the number of weeks specified in the following table; Provided, That in no case shall there be paid to the workman or employee more than twenty (20) dollars, or less than five (5) dollars a week. And provided, further, That in no case shall a sum greater than three thousand (3,000) dollars be paid.

"Table of Compensation

".  .  .  .  .  .  .

"Hands:

"For the loss of the right hand at the
     wrist ......................... for 200 weeks
"For the loss of the left hand at the
     wrist ......................... for 180 weeks

*"In cases of loss of the left hand at the wrist, the compensation corresponding to the right hand shall be granted when said hand is the able hand."* (Italics ours.)

This last paragraph, which was not included in Act No. 45 of 1935, was introduced by Act No. 284 of 1945.

On June 22, July 28, and August 28, 1953, the Manager of the State Insurance Fund awarded compensation to the three workmen for the injuries to their right hands, on the basis of 180 weeks. The workmen appealed to the Industrial Commission, which modified the decisions of the Manager, awarding compensation on the basis of 200 weeks. The Commission's theory is that the Act grants compensation for injuries to the left hand whenever said hand is the able hand, on the basis of 200 weeks, and on the basis of 180 weeks whenever the left hand is not the able hand, but that the cases appealed from involve injuries to the right

hand, in which case the law expressly provides compensation on the basis of 200 weeks in all cases, and that the law does not provide that when the able hand is the left hand and the injuries are to the right hand, the compensation shall be computed on the basis of 180 weeks. The Commission contends that this is a case of *lex scripta* and that it is without power to fill the legislative gap and to interpolate in § 3 of the Act a provision that whenever the able hand is the left hand and injuries are caused to the right hand, the compensation shall be computed on the basis of 180 weeks.

The Manager has appealed to this Court challenging the decisions of the Commission.

Prior to the amendment made by Act No. 284 of 1945, the compensation awarded referred exclusively to the identity itself of the hand lost as a result of injury, and had no relation whatever to the question of whether the workman was right-handed or left-handed. The loss of the right hand entailed a compensation based on 50 per cent of the wages received during 200 weeks, and the loss of the left hand a compensation based on 50 per cent of the wages received during 180 weeks. However, the Act of 1945 established a new category based on the difference between the able and the unable hand. The amendment was confined literally to the loss of the left hand by a workman whose able hand is actually the left hand. It did not expressly cover the loss of the right hand by a workman whose able hand is the left hand, as is the case here. However, notwithstanding the omission, the essential legislative intent was to establish different compensations based on the different functions of the hands, depending on whether the workman is left-handed or right-handed. The mechanical rule of the identity of the lost hand was replaced by the more realistic and rational rule of the ability of the hand involved. It is clear that to a left-handed workman the loss of the left hand entails greater injury than the loss of the right hand. But the statute expressly confined itself to in-

creasing the compensation of left-handed workmen who suffer the loss of their left hand, and did not specifically reduce the compensation in the event of the loss of the right hand by a left-handed workman. If the law were literally construed, as was done by the Industrial Commission, the compensation to a left-handed workman who loses the right or the left hand would be the same in both cases. On the other hand, even in the light of the literal provisions of the law the situation would be different in the case of a workman whose able hand is the right hand, since if he loses the right hand his compensation would be computed on the basis of 200 weeks, and if the right-handed workman loses the left hand the compensation would be computed on the basis of 180 weeks.

We are aware of the fact that, generally, it is the duty of the court to adhere to the letter of the law. But we must not adopt a literal interpretation of a statute, or of an isolated section of a statute, if this is contrary to the general authentic intent and the true purpose of the legislature, as such intent and purpose stem from the very terms of the law or the corresponding section. We must try to avoid a literal interpretation which might lead to unreasonable or absurd results, or give rise to discrimination or differences lacking rational basis. Of course, if such were the legislative intent and the text of the law leaves no room for assuming a different purpose on the part of the lawmaker which might be more rational and fair, the courts must not impose their own criterion of justice and reasonability, and must respect the legislative will. However, in the case at bar there is a legitimate margin to conclude that the legislator intended fundamentally to establish a new system predicated on the functional difference between the able and the unable hand, by granting to the latter a lesser compensation. We can not conclude that the legislative intent was to differentiate between right and left-handed workmen; in other words, that the purpose was to provide that in the case of

a right-handed workman the loss of the unable hand, namely, the left hand, should entail a lesser compensation, while in the case of a left-handed workman the loss of the unable hand, namely, the right, should entail the same compensation as the loss of the able hand. Although the law does not expressly mention the case of a left-handed workman who loses his right hand, such omission, merely due to oversight, must be supplied in order to accomplish the main purpose of the legislature to establish different compensations based on the difference, recognized by the law itself, between the usefulness to a workman of the able and the unable hand. Such interpretation is congruent with the desirability of avoiding unreasonable and unfair discriminations. We are not legislating but curing an oversight of the legislator, so that the true legislative intent of establishing a new form of compensation, predicated on the difference between the able and the unable hand, may acquire rational effectiveness.

In view of the foregoing, the compensation for the loss of the right hand of a left-handed workman must be computed on the basis of 50 per cent of the wages received during 180 weeks instead of 200 weeks. The decisions of the Industrial Commission, which have been challenged in this petition for review, are therefore reversed.

Mr. Justice Negrón Fernández dissented.

Mr. Justice Sifre concurs in the result.